# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**JONATHAN ANIBAL CLAUDIO**                                                              **PLAINTIFF**

V.                                       **CASE NO. 5:23-CV-5158**

**CORPORAL TANNER GUTHRIE,**
Benton County Sheriff's Office/Detention Center                                          **DEFENDANT**

## ORDER

Before the Court are a Motion for Extension of Time (Doc. 84) and a Motion to Withdraw as Counsel of Record for the Plaintiff (Doc. 85). Before ruling on the Motions, a brief procedural history of the case is needed.

On September 20, 2023, Plaintiff Jonathan Anibal Claudio, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis*. *See* Doc. 3. On May 13, 2024, Mr. Claudio asked the Court to appoint *pro bono* counsel to represent him. In an Order (Doc. 34) entered on May 23, 2024, the Court granted Mr. Claudio's motion—noting, however, that a civil litigant has no constitutional or statutory right to a court-appointed attorney but may be appointed counsel in the Court's discretion when circumstances so warrant. Attorney Heather Hersh agreed to represent Mr. Claudio free of charge, and she entered her appearance in this matter on May 28, 2024. *See* Doc. 35.

On September 3, 2024, Ms. Hersh moved to withdraw as counsel, citing changed circumstances in her employment as the basis for her request. *See* Doc. 44. The Court allowed her to withdraw and substituted attorneys Alex Mickel and Colette Noel Brashears in her place. *See* Doc. 52. After that, Defendant Corporal Tanner Guthrie filed a motion

1

for summary judgment, and Mr. Mickel and Ms. Brashears filed a response in opposition to the motion on Mr. Claudio's behalf. *See* Docs. 70–72.

On July 7, 2025, Magistrate Judge Christy Comstock entered a Report and Recommendation ("R&R") (Doc. 79) on the motion for summary judgment and set a deadline for the parties to file objections. Eleven days after that, Mr. Claudio filed a *pro se* motion requesting extra time to submit objections to the R&R. *See* Doc. 80. The Court denied his request because he was represented by counsel. *See* Doc. 81. Then, Mr. Claudio filed a motion to proceed *pro se* for the "limited purpose" of objecting to the R&R. *See* Doc. 82. Again, the Court denied the motion, noting that Mr. Claudio "does not get to cherry-pick discrete tasks in the litigation in which counsel will represent him and when he will represent himself." (Doc. 83). In a rather unsurprising turn of events, Mr. Mickel and Ms. Brashears filed a motion on Juny 21 to withdraw from the case, citing the breakdown of the attorney-client relationship as the basis for withdrawal. *See* Doc. 85. They claim that Mr. Claudio declines to heed their legal advice and asks that they make filings that would violate their ethical obligations to opposing counsel and to the Court. *See id.* In addition, Mr. Mickel and Ms. Brashears filed a Motion for Extension of Time "to allow Plaintiff additional time to retain new counsel, without the objection deadline passing." (Doc. 84). But shortly after these Motions were filed, Mr. Claudio—in blatant disregard of the Court's prior Orders, *see* Docs. 81 & 83—filed *pro se* Objections (Doc. 86) to the R&R.

It is clear to the Court that Mr. Claudio no longer wishes the assistance of counsel. He believes he can do a better job of representing himself, and the Court respects his decision. Accordingly, **IT IS ORDERED** that the Motion to Withdraw as Counsel of Record

(Doc. 85) is **GRANTED**, and Mr. Mickel and Ms. Brashears are **WITHDRAWN FROM THE CASE** with the Court's thanks for their service.

    **IT IS FURTHER ORDERED** that the Motion for Extension of Time (Doc. 84) is **MOOT** in view of the fact that Mr. Claudio already filed timely Objections to the R&R. The Court will consider the R&R and Objections in a separate order.

    **IT IS SO ORDERED** on this 28th day of July, 2025.

                                                                                                                                TIMOTHY L. BROOKS
                                                                                                                             UNITED STATES DISTRICT JUDGE