# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**JONATHAN ANIBAL CLAUDIO**                                                                          **PLAINTIFF**

**V.**                                  **CASE NO. 5:23-CV-5158**

**CORPORAL TANNER GUTHRIE,**
**Benton County Sheriff's Office/Detention Center**                                    **DEFENDANT**

## ORDER

  Currently before the Court is the Report and Recommendation ("R&R") (Doc. 79) of the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, submitted in this case on July 7, 2025, regarding Defendant Corporal Tanner Guthrie's Motion for Summary Judgment (Doc. 62). The Magistrate Judge considered the undisputed evidence of record and the parties' arguments before recommending that the Motion be granted and the case dismissed with prejudice. On July 21, Plaintiff Jonathan Anibal Claudio filed *pro se* Objections to the R&R (Doc. 86), which triggered this Court's *de novo* review of the case. *See* 28 U.S.C. § 636(b)(1).

  Mr. Claudio contends his constitutional rights were violated when he was arrested in South Carolina and extradited to Arkansas based on a warrant obtained by Defendant Guthrie. He alleged false arrest, false imprisonment, racial profiling, malicious prosecution, illegal extradition, illegal search and seizure, as well as defamation, libel, and slander. However, his summary judgment response abandoned all claims except malicious prosecution and the claim that his arrest was unsupported by probable cause because material falsehoods or omissions appeared in the affidavit supporting the arrest warrant. The Magistrate Judge opines in the R&R that the malicious prosecution claim must be dismissed on the merits because there is no evidence showing a malicious

motive by Defendant Guthrie. Alternatively, the R&R recommends finding Defendant Guthrie entitled to qualified immunity on this claim. As for the allegation that falsehoods in the affidavit supporting the arrest warrant violated Mr. Claudio's constitutional rights, the Magistrate Judge concludes that "Defendant Guthrie's affidavit was sufficient to support a finding that probable cause existed for the issuance of a warrant for Claudio's arrest." (Doc. 79, p. 16).

Mr. Claudio first objects to the R&R's findings as to qualified immunity. He argues the doctrine is undemocratic, unduly deprives him of his right to jury trial, and should be abolished. At the same time, he recognizes that the doctrine is valid under Eighth Circuit precedent. In the end, policy disagreements notwithstanding, qualified immunity remains a valid legal basis for dismissing Mr. Claudio's constitutional claims, and the Court agrees with the R&R's analysis of qualified immunity.

Second, Mr. Claudio points to a number of "disputed" facts surrounding his arrest and claims that such disputes preclude the granting of summary judgment. *See* Doc. 86, p. 4. The Court disagrees that any of the facts he lists are actually in dispute. Mr. Claudio's argument is really that these facts should preclude granting summary judgment as a matter of law, and he is incorrect for the reasons stated in the R&R.

Finally, Mr. Claudio's third objection claims that his constitutional rights were violated when he was "[g]iven no opportunity to challenge the warrant's factual basis; [e]xtradited without proper notice or hearing; [h]eld in solitary confinement based on arbitrary classification; [and] [d]enied a timely opportunity to confront the allegations due to lack of discovery and concealment." *Id.* at p. 5. However, Mr. Claudio previously *admitted* in response to Defendant Guthrie's Statement of Undisputed Facts that he "was

advised of the warrant and the charges against him and consented to the extradition and signed a Waiver of Extradition in the presence of two witnesses and the Municipal Court Judge." (Doc. 72, p. 4). The Court will not credit Mr. Claudio's attempt to recant the factual admissions he made in his summary judgment briefing. Furthermore, the Waiver of Extradition—signed by Mr. Claudio and the presiding South Carolina judge—appears in the record and is objective evidence of his consent to extradition. *See* Doc. 64-3.

**IT IS THEREFORE ORDERED** that all Objections are **OVERRULED**, the R&R is **ADOPTED IN ITS ENTIRETY**, and the Motion for Summary Judgment (Doc. 62) is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this 28th day of July, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE